**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 19-4741**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JOHN SWAIN,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:19-cr-00052-1)

———————

Submitted:  June 3, 2022                    Decided:  August 17, 2022

———————

Before GREGORY, Chief Judge, and DIAZ and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Charleston, West Virginia, Kathleen E. Robeson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Swain was convicted, following a jury trial, of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court sentenced him to 60 months' imprisonment. On appeal, Swain claims that (1) the Government failed to prove that the firearm in question was not an antique, and (2) the jury instructions did not include the knowledge-of-status element required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We affirm.

We turn first to Swain's claim that the Government failed to prove that the firearm in question was not an antique. The term "firearm," as it is used in § 922(g), "does not include an antique firearm," 18 U.S.C. § 921(a)(3), which is any firearm "manufactured in or before 1898," 18 U.S.C. § 921(a)(16)(A). Thus, according to Swain, the Government did not prove an essential element of the § 922(g) offense because it did not prove that Swain possessed a firearm that was manufactured after 1898.

"It is well established that the antique firearm exception is an affirmative defense to a firearm charge under § 922(g)." *United States v. Royal*, 731 F.3d 333, 338 (4th Cir. 2013). Accordingly, the Government is not required to prove that the firearm in question was manufactured after 1898 unless the defendant raises the exception as an affirmative defense at trial. *Id.* Here, Swain claims that he sufficiently raised the defense when his trial counsel asked one of the Government's witnesses when the firearm in question was manufactured, and the witness did not know. We disagree. As we held in *Royal*, such questioning—without any additional testimony or evidence to suggest that the firearm might be an antique—is "too attenuated to sufficiently raise the defense." *Id.* at 339. The

2

Government was therefore not required to prove that the firearm Swain possessed was manufactured after 1898.

We turn next to Swain's *Rehaif* claim. In *Rehaif*, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Swain contends that his conviction should be reversed in light of *Rehaif* because the jury in his case was instructed that the Government did not have to prove that Swain knew he was breaking the law when he possessed the firearm.

Because Swain did not raise this claim in the district court, we review for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). For a defendant to prevail under this standard, we must find that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). Here, it is undisputed that a *Rehaif* error occurred and that the error was plain. The critical question is whether the error affected Swain's substantial rights.

The Supreme Court has held that, for a defendant to establish that a *Rehaif* error affected his substantial rights, the defendant must make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. "When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant

3

has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.* When the defendant was convicted following a jury trial, this is accomplished by "showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted." *Id.* at 2097.

Swain's presentence report indicates that he has been convicted of multiple felonies, including another felon-in-possession offense for which he received a 33-month sentence prior to his arrest in the instant case. *See id.* at 2098 ("[W]hen an appellate court conducts plain-error review of a *Rehaif* instructional error, the court can examine relevant and reliable information from the entire record—including information contained in a presentence report."). Swain has never disputed these prior convictions or claimed that he was unaware of his status as a felon when he possessed the firearm. Swain also stipulated at trial that he was a felon. And, during his interview with the arresting officer, Swain admitted that he knew he was not supposed to have firearms. In light of this substantial evidence that Swain knew he was a felon, we conclude that he has not shown a reasonable probability that he would have been acquitted if the district court had correctly instructed the jury on the mens rea element of the offense.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*